IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARVIN DALE DEAN,

        Plaintiff,

    v.                                            Case No. 07-2534-JAR-GLR

NEW WERNER HOLDING COMPANY,
INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel and for Sanctions (doc. 32) and Plaintiff's Second Motion to Compel and for Sanctions (doc. 56). Pursuant to Fed. R. Civ. P. 37, Plaintiff seeks to compel Defendant to produce full and complete initial disclosures and to provide full and complete responses to his First Interrogatories and First Requests for Production of Documents. In his Second Motion to Compel, Plaintiff seeks to compel full and complete responses to his Second Requests for Production of Documents. As set forth below, the motions are sustained in part and denied in part.

**I.**     **Factual background**

Plaintiff seeks damages for injuries he allegedly sustained from the collapse of a ladder at his house on November 26, 2006, causing him to fall. Werner Company designed, manufactured, marketed, and distributed the ladder and stabilizer. Defendant New Werner Holding Company, Inc. ("New Werner") has purchased substantial assets of Werner Company and assumed certain product liabilities. Plaintiff alleges in his Petition that Defendant New Werner assumed all liabilities of Werner Company for his claims, pursuant to an Asset Purchase Agreement approved by the U.S. Bankruptcy Court for the District of Delaware on April 25, 2007.

## II.     Fed. R. Civ. P. 26(a) initial disclosures

Plaintiff contends that Defendant's Initial Disclosures are incomplete and unacceptable. Pursuant to Rule 26(a)(1)(A), Defendant was required to identify all persons "likely to have discoverable information" that it "may use to support its defenses, . . . including the subjects of the information." Its disclosures identified only four persons as likely to have discoverable information: Plaintiff, his wife, and two police officers who responded to the scene of the incident. Plaintiff argues that such minimal disclosures are insufficient. He points out that Defendant has failed and refused to identify a single individual employed by it or the Werner Company, the company which designed, manufactured, marketed and distributed the products at issue. He further argues that it defies logic for Defendant to claim that it cannot fully identify the names of specific individuals within its company or the Werner Company who are "likely to have discoverable information" that it "may use to support its defenses," especially since Defendant's Answer in this case includes numerous specific affirmative defenses.

Defendant maintains that it has served Plaintiff with its Rule 26(a)(1) disclosures, which identified all persons and all documents it may use to support its claims or defenses. Defendant asserts it will timely supplement or correct its disclosures, pursuant to Rule 26(e).

Federal Rule of Civil Procedure 26(a)(1) provides a party must, without awaiting a discovery request, provide to the other parties certain information that relates to the individuals and documents that it may use to support its case. Specifically a party must disclose the name, address, and telephone number of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[1]

---

[1] Fed. R. Civ. P. 26(a)(1)(A)(i).

A party must also provide a copy or a description "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."[2] The Rule further provides that a party "must make its initial disclosures based on the information then reasonably available to it."[3]

Defendant has served its Rule 26(a)(1) initial disclosures and has supplemented those disclosures. It states in its response brief that it has disclosed all information within its knowledge, or that it may use to support its claims or defenses at this time. If indeed Defendant has failed to comply with the rule, Plaintiff may yet have recourse through Fed. R. Civ. P. 37. But the Court declines to enter an order, based upon nothing more than doubt, skepticism, speculation, and sophisticated logic, to compel a party to disclose something that no one has shown to exist. Accordingly, the Court declines to compel Defendant to serve additional initial disclosures.

Defendant has also indicated to the Court that it will timely supplement or correct its disclosures pursuant to Rule 26(e). The original Scheduling Order entered in this case provides when a party shall supplement disclosures:

> Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served 40 days before the deadline for completion of all discovery.[4]

Under Rule 26(e)(1)(A), a party who has made disclosures under Rule 26(a) must supplement or correct its disclosures "in a timely manner if the party learns that in some material respect the

---

[2] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[3] Fed. R. Civ. P. 26(a)(1)(E).

[4] Mar. 4, 2008 Sch. Order (doc. 15).

3

disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Absent any evidence that Rule 26(e) requires Defendant to supplement its disclosures at the present time, the Court denies Plaintiff's motion to compel supplemental initial disclosures. Under the current Scheduling Order deadlines, Defendant is still within the deadline for serving supplemental disclosures.

Notwithstanding its ruling, the Court reminds Defendant of the sanctions imposed by Rule 37(c)(1) for failure to provide the information required by Rule 26(a): "If a party fails to provide information or the identity of a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[5]

### III.    Plaintiff's First Interrogatories

Plaintiff also seeks to compel Defendant to produce full and complete responses to his First Interrogatories Nos. 1 through 18. Defendant asserts that it has provided complete responses to them.

### A.    Defendant's refusal to answer interrogatories based upon its statement that it did not design or manufacture the allegedly defective product

Plaintiff seeks to compel full and complete responses to its First Interrogatories. It takes issue with a repeated answer by Defendant that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)." Plaintiff argues that the answers to Interrogatory Nos. 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 are an attempt to thwart the discovery process by avoiding the disclosure and production of

---

[5] Fed. R. Civ. P. 37(c)(1).

relevant information and documents. He asserts that the statement is at best evasive and ignores the fact that the interrogatories expressly define "Defendant" to include New Werner Holding Company, Inc. and Werner Company.

Defendant responds that its statement, repeated throughout the discovery responses, that this Defendant "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)" is true and necessary in order for it to provide an honest and accurate response. Contrary to Plaintiff's contention that it is required to answer on its own behalf and on behalf of Werner Company as well, Defendant contends it has accurately responded to the interrogatories. It states that it merely gained access to certain documents, relating to the subject products, when it purchased on June 9, 2007, certain assets of a company formerly known as Werner Company, now known as Old Ladder Co. It claims that the entity formerly known as Werner Company was discharged in bankruptcy and is now known as Old Ladder Co.

The motion addresses the adequacy of interrogatory responses that limit the duty of the discovery to the information known to Defendant New Werner, and excluding other information known to its predecessor about the ladder and stabilizer that allegedly malfunctioned and caused Plaintiff to fall and be injured. Defendant New Werner admits that it purchased certain assets of and gained access to certain documents from the company that designed, manufactured, marketed, and distributed the ladder and stabilizer at issue.

Federal Rule of Civil Procedure 33(b)(1)(A) provides that interrogatories must be answered "by the party to whom they are directed." Subsection (B) of that Rule further provides that "if that party is a public or private corporation, a partnership, an association, or a governmental agency, by

5

any officer or agent, who must furnish the information *available to* the party."[6]  Parties have a duty to answer interrogatories with whatever information they have.[7]  They cannot avoid discovery simply because some responsive information is no longer available.[8]  Parties must "furnish such information responsive to the interrogatories as is available through reasonable efforts."*[9]*

Answers to interrogatories must be responsive, full, complete and unevasive.[10]  The answering party cannot limit its answers to matters within its own knowledge and ignore information immediately available to it or under its control.[11]  If an appropriate interrogatory is propounded, the answering party will be required to give the information available to it, if any, through its attorney, investigators employed by it or on its behalf or other agents or representatives, regardless of whether the information is personally known to the answering party.[12]

In *Cardenas v. Dorel Juvenile Group, Inc.,[13]* a product liability action, the court considered a similar argument where the party refused to produce documents based on the fact that it did not

---

[6]Fed. R. Civ. P. 33(b)(1)(B) (emphasis added).

[7]*Schartz v. Unified Sch. Dist. No. 512*, No. 95-2491-EEO, 1996 WL 741384, at *3 (D. Kan. Dec. 18, 1996).  *See also Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 674007, at *3 (D. Kan. Nov. 14, 1996) (a party answering interrogatories "may rely upon whatever sources it has.").

[8]*Schartz,* 1996 WL 741384, at *3.

[9]*Id.*

[10]*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 756631, at *4 (D. Kan. Mar. 08, 2007);  *Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991).

[11]*Heartland*, 2007 WL 756631, at *4.

[12]*Id.*

[13]232 F.R.D. 377, 381 (D. Kan. 2005).

design, manufacture, or distribute the product at issue, an infant car seat.  The court found that the party refusing to produce documents had failed to support its objection to show how the fact that it did not design, manufacture or distribute the infant car seat relieved it of the obligation to produce documents in its possession, custody or control.[14] Like the *Cardenas* case, Defendant has not satisfactorily explained to the Court how its statement that it did not design, manufacture, or distribute the ladder and ladder stabilizer relieves it of the obligation to answer the interrogatories. Defendant has not argued that the information needed to answer the interrogatories is not available to it.   It states that it merely gained access to certain documents relating to the subject products when it purchased certain assets of the company that designed, manufactured and distributed the ladder and ladder stabilizer at issue in this case.  This company is formerly known as Werner Company and now known as Old Ladder Co.

Furthermore, the definitions and instructions section of Plaintiff's First Interrogatories define the term "Defendant" as "Defendant, New Werner Holding Co., Inc., and/or Werner Company, as well as anyone acting for or on behalf of either such entity, including any attorneys and each and every other person acting or purporting to act on behalf of Defendant."  The term "Product(s)" is defined as "the Werner stabilizer and/or Werner ladder described in paragraph 7 of Plaintiff's Amended Petition."  Defendant thus was on notice that its answers to the interrogatories should include information pertaining to Werner Company.

The Court finds that Defendant's repeated answers to all except six of Plaintiff's First Interrogatories, consisting of a statement that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s),"

---

[14]*Id.*

7

are inadequate responses. Defendant cannot refuse to answer or provide an incomplete answer based upon these grounds. It must instead address the substance of the interrogatories with whatever information is reasonably available to it. Plaintiff's Motion to Compel Defendant to provide full and complete responses to its First Interrogatories is therefore sustained. **Within thirty (30) days of the date of this Memorandum and Order,** Defendant shall serve supplemental answers to all Plaintiff's First Interrogatories wherein Defendant refused to answer or provided an incomplete answer based upon its statement that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)."

      **B.**      **Overly broad and unduly burdensome objections to interrogatories seeking information on "similar products"**

Plaintiff also requests that the Court compel Defendant to answer his First Interrogatory Nos. 4, 5, 7, 8, 14, and 15. Defendant objects to answering these interrogatories on the grounds they are overly broad and unduly burdensome. It contends that these interrogatories are overly broad on their face because they seek information on "similar products." Plaintiff's Interrogatory Nos. 4 and 5 seek information on who invented, designed, formulated or first constructed "similar products" and those with custody of any records relating to the invention, design, formulation, or first construction of "similar products." Interrogatory Nos. 7 and 8 ask for Defendant to identify standards which apply to the design, manufacture, composition, or distribution of "similar products." Interrogatory Nos. 14 and 15 seek information on Defendant's claims or representations as to the quality, safety, or fitness of "similar products" and a description of the entire manufacturing or production process of "similar products." Defendant admits that this information may be relevant to the products at issue in the case, but contends that the request for information on "similar products" or even

substantially similar products is overly broad and that the information is irrelevant to Plaintiff's claims.

Plaintiff contends that Defendant has unilaterally limited its responses to the exact product models he was using at the time of his injury. He contends that counsel for both parties specifically agreed on March 13, 2008, to limit the definition of "substantially similar products" more restrictively than that provided by the discovery requests. Attempting to resolve these concerns, Plaintiff states he agreed at the March 13, 2008 conference that Defendant could limit the interrogatories to all stabilizers Werner has manufactured and all aluminum extension ladders of at least twenty-four feet in length. Defendant does not mention any agreement to limit the scope of the interrogatory in its response brief.

The Court agrees with Defendant that Interrogatory Nos. 4, 5, 7, 8, 14, and 15, which seek information on "similar products," are overly broad on their face. Plaintiff, however, has agreed to limit the scope of these interrogatories to "similar products" consisting of ladder stabilizers Werner has manufactured and all aluminum extension ladders of at least twenty-four feet in length. Defendant has not denied this agreement. Accordingly, the Court finds this is a reasonable limitation on the scope of these interrogatories. Plaintiff's motion to compel is sustained in part as to these interrogatories. Defendant is ordered to serve supplemental answers to Interrogatory Nos. 4, 5, 7, 8, 14, and 15, but such answers shall be limited to "similar products" consisting of ladder stabilizers Werner has manufactured and all aluminum extension ladders of at least twenty-four feet in length.

**C.     Other individual interrogatories in dispute**

Plaintiff also seeks to compel Defendant to provide full and complete answers to a couple individual interrogatories not otherwise covered by the Court's preceding discussion of Defendant's objections to the interrogatories.

### 1. First Interrogatory No. 1

Plaintiff's Interrogatory No. 1 asks for the identity of each person contributing to the answers to the interrogatories. Defendant responded: "There is no single officer or agent employed by this Defendant who has personal knowledge of all such matters of inquiry herein. The answers here have been assembled by various people." Defendant thereafter served a supplemental answer, which added that "technical information regarding the products was researched and supplied by Dale King, employee of Werner Co."

Plaintiff argues that Defendant has blatantly failed to answer this interrogatory. While Defendant has now disclosed the identity of one such individual, Dale King, it has still refused to provide a complete response to the interrogatory, maintaining only that "[t]he answers here have been assembled by various people" and "[t]here is no single officer or agent employed by this Defendant who has knowledge of all such matters of inquiry herein." Plaintiff further asserts that, aside from identifying Mr. King, whom Defendant describes only as having "technical information," Defendant fails to disclose the requested job title and contact information with respect to Mr. King or the identities, job titles, and/or addresses of any of the other individuals who contributed to the interrogatory responses. Plaintiff states that, after waiting for more than four months, he still has received only the name of just one witness from Defendant who can offer any testimony concerning the subject products or the issues raised in the pending lawsuit.

The Court finds Defendant has failed to adequately answer Plaintiff's First Interrogatory No. 1. Defendant has not objected to it. If the answers to the interrogatories were "assembled by various

10

people," then Defendant should include the names, addresses, occupation and office or position of these various people. The fact that no single officer or agent employed by Defendant has personal knowledge of all the matters inquired into by the interrogatories does not justify or excuse Defendant's duty to answer the interrogatory to the best of its knowledge. The Court sustains the motion to compel as to this interrogatory. Defendant shall serve a supplemental answer that fully responds to Plaintiff's Interrogatory No. 1.

### 2.     First Interrogatory No. 17

Interrogatory No. 17 requests information about each complaint, if any, that Defendant has received within the past five years "of injury or unusual occurrence similar to those allegedly experienced by the Plaintiff." Defendant objects that the interrogatory is overly broad for lack of limitation to substantially similar products as those involved in the incident of Plaintiff. Defendant supplemented its answer to this interrogatory as follows: "Werner Co. has not received complaints of injury or unusual occurrence similar to those allegedly experienced by plaintiff concerning the A3024-2Mk8 and the AC96 Mk 6, the models of the products in question."

The Court agrees that Interrogatory No. 17 is overly broad because it fails to limit the scope of the interrogatory to substantially similar products. Defendant has served a supplemental answer, responsive as to the models of the products at issue. The Court finds this to be a reasonable response. Plaintiff has not shown otherwise. The Court thus overrules as moot the motion to compel as to Interrogatory No. 17.

### IV.     Plaintiff's First Requests for Production

Plaintiff also requests that Defendant be ordered to produce documents responsive to Plaintiff's First Request for Production Nos. 3, 6, 7, 8, 16, 17, 18, 19, 20, 21, 22, 23, 27, 28, 29, 30, 31, 32, 36, 37, 38, 42, and 48. He argues that Defendant's production to date is incomplete and

insufficient for failure to produce responsive documents crucial to his case and the retention of his experts. He states he has received no documents about the production, testing, and inspection of specific lots of the stabilizer and ladder. He indicates he has received no correspondence, memoranda, notes, emails or other documents of any nature in connection with most of his pending discovery requests. He complains he has received no electronic data and no metadata, despite a likelihood such production would be required. He states that he has received no photographs, videos, or recordings of any type. He argues that Defendant may not selectively "pick and choose" when and for what purposes it can access information originally within Werner Company's possession, custody, or control, but instead must make reasonable inquiry from Werner Company as to all of the requested information and documents.

Defendant disputes the contention that it has produced a "limited number of documents containing generic information." It states that it has provided engineering drawings and testing reports for the product models at issue in this case, as well as inspection check sheets and product test reports for the stabilizer. Defendant fails to see any requests by Plaintiff for "specific lots" of the products. It further advises that it has supplemented its responses to some of the requests with advertising literature on the ladder at issue. Defendant further states that it has produced manufacturing and engineering documents, inspection results, warning labels, applicable codes, and information regarding the lack of other claims.

### A. Defendant's refusal to produce documents based upon its statement that it did not design or manufacture the allegedly defective product

Defendant's responses to many of Plaintiff's First Requests for Production included the statement that "this Defendant did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)."

Federal Rule of Civil Procedure 34(a)(1) permits a party to serve a request for production of documents that are "in the responding party's possession, custody or control." Documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand.[15] "Control" comprehends not only possession, but also the right, authority, or ability to obtain the documents.[16] Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party, if such party has retained any right or ability to influence the person in whose possession the documents lie.[17] The party seeking production of the documents bears the burden of proving that the opposing party has the control required under Rule 34(a).[18]

Plaintiff claims in its motion that the ladder and stabilizer were designed and manufactured by Werner Company. He argues that Defendant has expressly admitted that it has purchased certain assets of Werner Company and has assumed certain liabilities of Werner Company in connection with products previously designed, manufactured, marketed, and distributed by Werner Company. According to Plaintiff, Defendant has also provided documentation of insurance coverage for Plaintiff's claims and already produced several documents it obtained from Werner Company.

Defendant has admitted that certain documents became accessible to it relating to the ladder and ladder stabilizer at issue when it purchased certain assets of a company formerly known as Werner Company, now known as Old Ladder Co., on June 9, 2007. It has produced some documents it obtained. The Court finds that Plaintiff has sufficiently shown that Defendant, by its

---

[15]*Starlight Intern'l v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999).

[16]*Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004).

[17]*Id.*

[18]*Id.* at 653.

13

purchase of certain assets of Werner Company, has some degree of control over documents in the possession of Werner Company, the company that designed and manufactured the ladder and ladder stabilizer at issue. Defendant's response that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)" is not an appropriate response to the Plaintiff's Requests for Production of Documents. Even if the statement is truthful and accurate, Defendant cannot refuse to produce documents based upon these grounds. It must instead produce documents within its possession, custody, or control that are responsive to the requests. Plaintiff's Motion to Compel Defendant to provide full and complete responses to its First Requests for Production is therefore sustained. **Within thirty (30) days of the date of this Memorandum and Order,** Defendant shall produce all documents within its possession, custody, or control that are responsive to all Plaintiff's First Requests for Production wherein Defendant refused to produce documents based upon its statement that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)."

### B.     Electronically stored information

Plaintiff also seeks an order to compel Defendant to produce electronic data, digital media, and metadata he has requested. He points out that Defendant was served with the pending discovery requests in December 2007. He contends it is unacceptable that Defendant still remains in the process of reviewing and accumulating its electronically stored documents.

Defendant has had nearly six months to review and accumulate its electronically stored information. It represents to the Court that it intends to produce information in its electronic form that is in its possession and that is relevant and discoverable in this case, but provides no date of

when this information will be produced. The Court orders Defendant to produce such electronically stored information **within thirty (30) days of the date of this Memorandum and Order**.

## V. Plaintiff's Second Requests for Production

Plaintiff's Second Motion to Compel (doc. 56) seeks to compel Defendant's full and complete responses to his Second Requests for Production. The issues asserted in this motion are almost identical to the issues raised in Plaintiff's earlier-filed Motion to Compel.

### A. Defendant's refusal to produce documents based upon its statement that it did not design or manufacture the allegedly defective product

Consistent with its responses to Plaintiff's First Requests, Defendant's responses to many of Plaintiff's Second Requests include the statement "this Defendant did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)." As discussed above, this is an inadequate response to the requested discovery. Defendant cannot refuse to produce documents based upon these grounds; it must instead produce documents within its possession, custody, or control that are responsive to the requests. Plaintiff's Second Motion to Compel Defendant to provide full and complete responses to its Second Requests for Production is therefore sustained. **Within thirty (30) days of the date of this Memorandum and Order,** Defendant shall produce all documents within its possession, custody, or control that are responsive to Plaintiff's Second Requests for Production wherein Defendant refused to produce documents based upon its statement that it "did not design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the Product(s)."

### B. Individual requests remaining in dispute

Defendant asserted objections to several of Plaintiff's Second Requests for Production. In its response brief, however, Defendant only reasserts its objections to Second Request Nos.

17, 18, 20, 21, 31, and 32. The remainder of requests discussed by Defendant in its response brief list the documents it produced, state that Defendant is unaware of any such documents, or state that it is searching for documents. To the extent that Defendant is still searching for responsive documents, it shall produce to Plaintiff all documents located during its ongoing searches in a timely manner.

Defendant states in its response brief that it stands by its objections to Request Nos. 17, 18, and 20. The Court will address Defendant's objections to those Requests.

### 1.     Second Request Nos. 17 and 18

Plaintiff's Second Request Nos. 17 and 18 asks Defendant to produce documents reflecting or relating in any manner to any Werner stabilizers, model AC 96, returned to Werner, either directly or through any retailers or wholesalers of such products, or returned to any retailer or wholesaler due to any claims that such stabilizers were damaged or defective. Defendant objected that the requests are overly broad, vague, not limited in time or to the allegations at issue in this case, and seek information not reasonably calculated to lead to the discovery of admissible evidence. It now contends the requests are overly broad on their face and not limited to the allegations at issue in this case.

Plaintiff maintains that he is entitled to obtain documents and other information pertaining to other defects, claims, and incidents involving the products at issue because such information would be relevant to Werner Company's notice of defects, its duty to warn, and its continued manufacture of products which it knew or reasonably should have known were defective and likely to result in consumers like Plaintiff suffering catastrophic injuries.

16

The Court overrules all Defendant's objections to Plaintiff's Second Request Nos. 17 and 18. The Court does not find the requests to be overly broad. By their own language, the requests are limited to documents reflecting, referencing, or relating to the product at issue in this case, Werner stabilizers model AC 96. The fact that the requests are not further limited to the allegations at issue in this case does not make them overly broad on their face. Plaintiff has shown that requests for documents reflecting other defects, claims, and incidents involving the same product is reasonably calculated to lead to the discovery of notice of defects to defendant, its duty to warn, and whether it knew or reasonably should have known of the alleged defect. Plaintiff's Second Motion to Compel is sustained as to these requests for production of documents. **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall produce all documents responsive to Plaintiff's Second Request Nos. 17 and 18.

### 2. Second Request No. 20

Request No. 20 asks for "[a]ll documents representing, reflecting, referencing or relating in any manner to negotiations and/or discussions between New Werner and any other person or entity in connection with the assumption of liabilities by New Werner that would ultimately be set forth in Section 2.3 and/or Section 2.3(d) of the Asset Purchase Agreement." Defendant objected that the request is overly broad, vague, not limited in time or to the allegations at issue in this case, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant, however, fails to provide any argument in support of its objections in its response brief. The Court will therefore overrule its objections based upon its failure to support those objections. Plaintiff's Second Motion to Compel is sustained as to this request. **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall produce all documents responsive to Plaintiff's Second Request No. 20.

**VI.    Sanctions**

Plaintiff requests that the Court award him all reasonable expenses and attorneys' fees he has incurred in connection with both motions to compel. Federal Rule of Civil Procedure 37(a)(5)(C) allows a court to award a moving party fees and expenses [impose sanctions] where, as here, a motion to compel is granted in part and denied in part. Under that rule, the court may "apportion the reasonable expenses for the motion."[19]

Under the particular circumstances of this case, the Court does not find an award of fees and expenses to be warranted. Plaintiff's request for reasonable expenses is therefore denied. Each party shall bear its own fees and expenses incurred in connection with the Motions to Compel.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (doc. 32) and Plaintiff's Second Motion to Compel (doc. 56) are sustained in part and denied in part, as set forth herein. All discovery ordered produced herein shall be produced **within thirty (30) days of the date of this Memorandum and Order**.

Dated this 26th day of June 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[19] Fed. R. Civ. P. 37(a)(5)(C).